THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. TEÓFILO RIVERA, Defendant and Appellant.

No. CR-62-272.    Decided November 26, 1963.

*E. L. Belén Trujillo* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

In his appeal to this Court, defendant adduces as error that the trial judge did not instruct the jury on the questions of law proposed by the evidence of the defense nor on the elements of the minor offenses comprised in the offense of which he is accused, nor on the verdicts which could be rendered in accordance with the evidence of the prosecution and the evidence of the defense.

The irreconcilable conflict presented by the evidence of both parties may be summarized as follows: The evidence of the prosecution establishes that certain amounts of money which the aggrieved parties carried with them were taken from them by means of violence (battery) and intimidation, and the evidence of the defense tends to establish that the aggrieved parties lost said money playing *"chapitas"* with defendant and other persons not included in this proceeding. In regard to the evidence of the defense, it is fair to state that we are not dealing here with the unconnected, loose, and accidental evidence on which sometimes the theory of the defense seeks to rely, but it is a consistent and well-organized evidence, with a reasonable degree of probability, in which the prosecuting attorney who made the investigation of the case testifies, that subsequently one of the victims had gone to his office to rectify his previous testimony and inform him that

they had lost the money playing *"chapitas."* Afterwards, during the hearing of the case, the victim testifies on examination by the new prosecuting attorney who presents the evidence, that he had gone to the office of the prosecuting attorney who made the investigation to rectify his testimony, to please counsel for the defense, which fact was categorically denied by said counsel.

This being so, the trial judge should have included in his instructions, besides the elements corresponding to the crime of robbery, those corresponding to the crime of larceny, in the modality of larceny by trick already accepted by our decisions, for it is known that the aleatory element intervening in said game is the illicit handling of the *"chapitas"*: *People* v. *Santiago,* 78 P.R.R. 64, 69 (Marrero) (1955), *People* v. *Ríos,* 69 P.R.R. 774, 779–781 (Todd, Jr.) (1949). Because of the variability of exculpatory circumstances which the crime of robbery may contain, when the evidence of the taking is confusing, the best practice is to give instructions also on the crime of assault and battery, in both degrees, according to the violence employed and its results: *People* v. *Gómez,* 71 P.R.R. 764, 766–767 (De Jesús) (1950). The failure to give said instructions constituted a substantial error which compels us to reverse the judgments rendered in the criminal cases G-62-17, and G-62-14 of the Superior Court of Puerto Rico, Bayamón Part, on May 3, 1962 and to order new trials.